UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TORVOS SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-272-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Torvos Simpson has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is before the Court to conduct an initial review of Simpson's petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On Thanksgiving Day in 1993, when he was under eighteen years old, Simpson and two cohorts convinced a sixteen year old girl to give them a ride in her car. The group then seized control of the vehicle from the girl, drove down a deserted road, and murdered her. Following his arrest, Simpson pled guilty to carjacking in violation of 18 U.S.C. § 2119 and possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The trial court sentenced Simpson to life imprisonment without the possibility of parole for the carjacking, and a consecutive 60-month sentence was imposed for the § 924(c) conviction. *United States v. Simpson*, No. 2: 94Cr-1-JRG-2 (E.D. Tex. 1995)

In 2014, Simpson obtained permission from the Fifth Circuit to file a second or successive motion under 28 U.S.C. § 2255 to challenge his life sentence in light of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that imposing a sentence of life imprisonment without the possibility of parole upon a defendant

who committed murder while a juvenile would violate the Eighth Amendment's prohibition against imposing "Cruel and Unusual Punishments" if that sentence was mandatory, meaning imposed under a sentencing scheme that deprived the sentencing authority of discretion to consider juvenile offender characteristics, such as lessened culpability and heightened capacity for rehabilitation. *Miller*, 567 U.S. at 470-72.[1]

However, the trial court denied Simpson's § 2255 motion because *Miller* made clear that a trial court may sentence a juvenile homicide offender to life imprisonment without parole so long as the court had discretion to impose a different punishment after considering the characteristics of youthful offenders. *Miller*, 567 U.S. at 476, 479-80. Because the trial court could and did consider such factors, and had discretion under the Sentencing Guidelines to impose a sentence from 360 months to life imprisonment, Simpson's sentence did not violate the Eighth Amendment. In 2015, the Fifth Circuit denied a certificate of appealability from that decision. *United States v. Simpson*, No. 15-40097 (5th Cir. Oct. 1, 2015).

In the present case, Simpson reiterates the same claim under *Miller* previously considered and rejected by the trial court and the Fifth Circuit. However, his petition must be denied because Simpson cannot assert his *Miller* claim in a § 2241 petition. A challenge to a sentence is permissible in a Section 2241 petition only when (1) the petitioner's sentence was imposed pre-*Booker*, when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no

---

[1] In doing so, the Fifth Circuit concluded that *Miller* necessarily constituted a new substantive rule of constitutional law, and hence was retroactively applicable to cases on collateral review, in light of the procedural posture of *Miller* itself. Two years later the Supreme Court expressly so held in *Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718 (2016).

longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016). Simpson's claim satisfies the first requirement, but fails the second and third. Simpson was permitted to and actually did assert his *Miller* claim in a § 2255 motion, and the mere fact that he was denied relief does not render § 2255 unavailable, *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002), or permit him a second "bite at the apple" through a § 2241 petition. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). And Simpson relies upon *Miller*, a Supreme Court decision not founded upon statutory interpretation but upon the Eighth Amendment. His claim is therefore not one of actual innocence. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Simpson's claim therefore plainly does not satisfy two of the requirements of *Hill*, and his sentencing claim therefore does not fall within the narrow scope of Section 2255(e)'s savings clause. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).

Accordingly, it is **ORDERED** as follows:

1. Simpson's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This the 2nd day of October, 2017.

Gregory F. Van Tatenhove
United States District Judge